UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| DANIEL BARKER, | |
| Petitioner, | Civil Action No. 6: 16-296-KKC |
| V. | |
| SANDRA BUTLER, Warden, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On February 9, 2011, Daniel Barker signed an agreement to plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and on June 20, 2011, Judge Jennifer Coffman of the United States District Court for the Western District of Kentucky imposed a 180-month sentence. Barker appealed, but in June 2012 the Sixth Circuit dismissed the appeal in light of Barker's appeal waiver. *United States v. Barker*, No. 3: 10-CR-140-TBR-1 (W.D. Ky. 2010).

In August 2016, Barker wrote a letter to Judge Coffman requesting her assistance in compelling the Bureau of Prisons to award him credit to which he believed himself entitled for time he spent in custody prior to the imposition of his federal sentence. Because Judge Coffman had retired at some point after Barker's sentencing, the criminal case was reassigned to Judge Thomas Russell. On December 12, 2016, Judge Russell entered an Order noting that a trial court lacks the authority to calculate prior custody credits, but that Barker could seek review of the BOP's calculation by filing a habeas corpus petition under 28 U.S.C. § 2241. The Court therefore denied Barker's request for relief, but ordered that his letter be docketed as a Section 2241 petition and, because Barker is confined at FCI-Manchester, transferred the petition to this Court on venue grounds. *Barker v. United States*, No. 3: 16-CV-797-TBR (W.D. Ky. 2016).

Following transfer, the petition was assigned Case No. 16-296 in this Court. On January 13, 2017, the Court ordered Barker to file a formal habeas corpus petition and to pay the filing fee. The Order further noted that a petitioner must exhaust his administrative remedies prior to filing suit, and that prematurely-filed petitions must be denied without prejudice. [R. 6]

Barker has now responded in a January 23, 2017, letter. In it, Barker explains that he does not understand what a habeas corpus petition is and that he did not ask for his letter to be treated as one. He indicates that he has since learned that "there is another administrative remedy process I need to file [and that] it could take four to six months to complete." He therefore requests a 180-day extension of time to complete that process. [R. 7]

As the Court noted in its prior Order, a prisoner must exhaust his administrative remedies with the prison **before** he files a petition for a writ of habeas corpus. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). Barker candidly acknowledges that he did not exhaust administrative remedies prior to filing suit, and this requirement may not be satisfied by attempting to complete the grievance process while the suit in pending. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999); *Liggett v. Mansfield*, 2009 WL 1392604, at *2-3 (E.D. Tenn. May 15, 2009). The appropriate course is therefore not to hold this case in abeyance for six months, but to dismiss the petition without prejudice as prematurely filed upon initial review. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (district court can dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (where complaint made clear that prisoner failed to exhaust administrative remedies, district court may dismiss it *sua sponte* for failure to state a claim); *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005); *Fletcher v. Myers*, No. 5:11-141-KKC (E.D.

2

Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis.")

The Court notes that this dismissal should not negatively affect Barker's claim in any way. First, this dismissal is "without prejudice," which means that Barker may file a new habeas corpus petition once he has exhausted all of his inmate grievances and appeals within the BOP. In addition, Barker seeks approximately seven months of custody credits between November 2010 and June 2011; however, the BOP indicates that his projected release date is in June 2024, about seven years in the future. Thus, there is more than adequate time for Barker to pursue this issue within the BOP without any risk that his release date will be wrongly delayed.

In his letter, Barker expresses some lack of familiarity with the BOP's grievance process. That procedure is outlined in BOP Program Statement 1330.16 ¶¶7-12. In its simplest form, that process requires Barker to raise this issue informally within his unit at the prison and/or formally by filing a grievance with the warden. If the BOP does not give him the relief he seeks, he may appeal to the regional office and, if unsuccessful, to the national office. He should note that sentence calculations are generally referred to the BOP's Designation and Sentence Computation Center ("DSCC") in Grand Prairie, Texas, which can add extra time before he receives a response. Therefore, responses from the warden and the Mid-Atlantic Regional Office may advise Barker that its response is "for informational purposes," but that he should continue to appeal to the next level to be advised of DSCC's determination. Barker should continue to file timely appeals, and await a final response from the Central Office before proceeding in court.

Accordingly, **IT IS ORDERED** that:

1. Barker's letter [R. 7], construed as a motion for an extension of time to exhaust administrative remedies, is **DENIED** for the reasons stated.

2. Barker's petition [R. 1] is **DENIED WITHOUT PREJUDICE**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

Dated February 1, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY